# 99 DTA 136

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

CARMEN SANTANA RAMOS
Demandante-Apelada

v.

PASCUAL MENDEZ MENDEZ, ET ALS.
Demandada-Apelante

Núm. KLAN-98-90417

San Juan, Puerto Rico, a 24 de marzo de 1999

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces González Rivera y Hernández Torres

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Pascual Méndez Méndez apela de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, en la cual se le impuso la obligación de indemnizar a la demandante-apelada, Carmen Santana Ramos, con la suma de $11,300 por los daños causados por su incumplimiento de contrato y los vicios de la obra construida, más $2,000 en honorarios de abogado.

El señor Méndez plantea que el tribunal apelado erró al apreciar la prueba desfilada en el juicio, otorgándole crédito al testimonio del perito de la apelada y descartando el testimonio de su perito; al no determinar que ambas partes incurrieron en incumplimiento contractual; al hacer el cómputo sobre el costo de reparación de las obras defectuosas; y al imponerle honorarios de abogado por temeridad.

Antes de considerar estos planteamientos, procede hacer una relación de la prueba presentada en el juicio.

### I

Durante el juicio, además de su propio testimonio, la señora Santana presentó como testigos al Ing. Pablo Toro Osuna, quien declaró sobre la condición en la que el señor Méndez entregó la obra para cuya construcción

163

se le contrató; al señor Angel Gabriel Rosario, quien testificó sobre las lozas que instaló para reparar las anteriormente instaladas por el señor Méndez; y al Dr. Gerardo Tejedor González, quien declaró sobre el estado de salud de la señora Santana. Como prueba documental, la señora Santana presentó el informe pericial del Ing. Toro Osuna con fecha del 10 de diciembre de 1995; el contrato suscrito entre la partes, y la extensión del mismo. Por su parte, la parte demandada aquí apelante presentó como testigos al Ing. Pablo E. Robles Flores, quien declaró sobre la condición en la que el señor Méndez entregó la obra de construcción; al señor Méndez Vega, hijo del demandado, quien testificó sobre el trabajo que realizó junto a su padre en la construcción de la señora Santana; al señor José Luis Méndez, quien testificó sobre la instalación de las lozas del piso y los enchapes del baño; al agente Jesús M. Betancourt; a la señora Rosa María Vega Valentín, esposa del demandado; y al propio demandado aquí apelante. Además, como prueba documental, presentó el informe preparado por el Ing. Pablo Robles Suárez el 20 de abril de 1996. Ante el conflicto entre la prueba pericial presentada por cada una de las partes, el tribunal apelado hizo una inspección ocular de la obra de construcción objeto de este caso en la que estuvieron presentes las partes y sus abogados.

El 10 de febrero de 1998, el tribunal apelado emitió el dictamen cuya revisión se solicita, en el cual se hacen las siguientes determinaciones de hecho:

"*1. La parte demandante, señora Carmen Santana Ramos, pactó con el demandado, señor Pascual Méndez, un contrato de obra de construcción.*

*2. El contrato suscrito entre las partes disponía lo siguiente: construir una vivienda en la Urb. El Duque #15, en el Municipio de Naguabo por el valor de $25,000; la vivienda a construir tendrá dimensiones de 24 X 46 y se describe en la distribución y organización. Acordaron además, que el dinero se pagaría en cinco etapas que ascendían a $25,000 y solo [sic] incluia mano de obra; el contrato fue suscrito por la parte demandante y la parte demandada. Este documento se admitió como Exhibit I de la parte demandante.*

*3. A pesar de existir este contrato hubo otros acuerdos verbales entre las partes en relación a la construcción.*

*4. La demandante observó que durante la construcción había bloques que quedaban virados y al requerirle al demandado, su respuesta fue que esto se arreglaba con empañetado.*

*5. En el proceso de supervisión de la construcción no fue aprobado el envarillado porque estaba mal instalado.*

*6. La demandante y el co-demandado Méndez pactaron un segundo contrato el 22 de agosto de 1995 ante la Notario Público, Lcda. Mayra Rotger Meléndez. El co-demandado Méndez reconoce en este contrato que la obra había que entregarla en marzo de 1995 y por razones ajenas no se pudo entregar obra [sic] en esa fecha pactando una nueva fecha de entrega, 30 de septiembre de 1995.*

*7. Acordaron demandante y co-demandado en este nuevo contrato lo siguiente:*

*a. levantar losetas en área del balcón y volverlas a instalar por cargo del contratista.*

*b. para realizar dicha labor se sub-contratará a un losero, escojido [sic] por la contratante con la aceptación del contratista.*

*c. arreglar mocheta de una ventana, del frente de la casa.*

*d. arreglar el topping en el área de la planta baja consistente en limpiar y cambiar losetas.*

*e. sacar cemento de ventanas instaladas.*

*f. instalar losetas en escalera y marquesina.*

*g. instalar puertas de cuartos y closets y pintarlas.*

*h. retocar la pintura de toda la casa, en las áreas donde este [sic] sucia.*

*8. Estipularon además, que el contratista había recibido $21,838, con un balance a pagar de $3,162. Era responsabilidad del co-demandado Méndez los gastos que se excediesen de $3,162. Este contrato se suscribió el 21 de agosto de 1995.*

*9. La vivienda no fue entregada en la fecha en que se pactó.*

*10. La demandante observó que la construcción tenía varios defectos como: declive en el piso del balcón y la sala era igual, razón por la que entra agua al interior; estructura mal empañetada, loza mal instalada.*

*11. Declaró el señor Angel G. Rosario que instaló loza en escalera, balcón y galería.*

*12. La parte demandante presentó como testigo al perito Pablo Toro Osuna que es Ingeniero Civil. El perito concluyó que la construcción tiene deficiencias en la loza del piso y baño y faltan terminaciones. La mezcla para instalar las lozas fue alterada con cemento.*

*13. El Ing. Toro rindió informe pericial, admitido como Exhibit III, que establece que corregir los defectos de construcción ascienden a $13,875.*

*14. Parte demandante presentó al Dr. Gerardo Tejeda González, siquiatra. Este testificó en relación a la condición de salud de la demandante, pero no pudo establecer daños ocasionados por el problema que tuvo esta parte en relación a la construcción.*

*15. Los co-demandados presentaron como peritos [sic] al Ingeniero Pablo Robles Flores. Concluyó que la vivienda no tiene desperfectos significativos, que es habitable, que faltan unos detalles, que se pueden terminar si se dialoga. Declaró que el co-demandado contrató por debajo del valor del trabajo realizado.*

*16. El Sr. Javier Méndez Vega, hijo de los co-demandados, declaró que trabajó en construcción de vivienda.*

*17. Declaran como testigos de la parte demandada José Luis Nieves Vázquez y Jesús Betancourt Cáceres.*

*18. La parte co-demandada, esposa del contratista, Rosa María Vega Valentín prestó testimonio. Declaró que estuvo presente al firmar contrato y que la demanda que se presentó contra ellos le afectó en su estado de salud. No hubo prueba pericial de daños que sustentaran [sic] esta afirmación de esta parte.*

*19. El co-demandado Pascual Méndez, reclamó $7,820 en trabajo realizado y no pagado.*

*20. Ante la incongruencia de la prueba pericial se llevó a cabo inspección ocular de la vivienda en la que estuvieron presentes las partes y sus abogados.*

*21. De la inspección ocular podemos concluir que le asiste la razón a la parte demandante en cuanto a las reclamaciones de la demanda. Hay que corregir las lozas instaladas en el piso, así como el enchape del baño. Se nota desviación o desnivel en paredes, puertas y ventanas, como manchas en estas [sic]."*

Basándose en estas determinaciones, el tribunal apelado dictó la sentencia que es objeto de esta apelación.

## II

El Artículo 1434 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4013, establece que *"[e]n el arrendamiento de obras o servicios, una de las partes se obliga a ejecutar una obra, o a prestar a la otra un servicio por precio cierto."* De tal modo, el dueño de la obra tiene la obligación principal de pagar el precio pactado en el tiempo acordado, mientras que el contratista tiene la obligación de realizar la obra, en el tiempo y forma convenido. Si la obra es de calidad inferior o presenta defectos, o no se entrega en el tiempo pactado, el contratista no cumple con el resultado prometido y, por lo tanto, no cumple con la obligación pactada. La obligación de realizar bien la obra existe aun sin pacto expreso, por lo que la inexistencia de un acuerdo expreso sobre ese particular no faculta al contratista para realizar una obra imperfecta o incompleta". *Constructora Bauzá, Inc. v. García López*, 129 D.P.R. 579, 592-593 (1991). Véase, además, Castán Tobeñas, J., *Derecho Civil Español, Común y Floral, Derecho de Obligaciones*, Tomo 4, Reus, S.A., Madrid, 1993, pág. 507; y Albaladejo, M. y Díaz Alabart, S., *Comentarios al Código Civil y Compilaciones Forales*, Tomo XX, Vol. I, Editoriales de Derecho Reunidas, Madrid, 1992, págs. 231-233.

El incumplimiento total o parcial de las prestaciones a las que se hayan obligado las partes en un contrato bilateral como el de obra, da lugar a la sanción que provee el Artículo 1077 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3052, en el cual se establece lo siguiente:

*"La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe.*

*El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. También podrá pedir la resolución, aún después de haber optado por el cumplimiento, cuando éste resultare imposible. [ ...]".*

En virtud de esto, el perjudicado, por el incumplimiento de un contrato de obra, tiene la alternativa de exigir el cumplimiento específico o la resolución del contrato, y en ambos casos tiene, también, el derecho a reclamar los daños reales causados por los defectos aparentes que tenga la obra al momento de la entrega. *Constructora Bauzá, Inc. v. García López*, 129 D.P.R. 579, pág. 594 (1991).

Por otro lado, el Artículo 1483 del Código Civil de Puerto Rico, 31 L.P.R.A. 4124, según interpretado por el Tribunal Supremo de Puerto Rico en *Constructora Bauzá*, establece la responsabilidad de los contratistas por los daños causados por los vicios o defectos ocultos al momento de la entrega de una obra construida, o supervisada por ellos, cuando éstos excedan la medida de las imperfecciones que es razonable esperar de este tipo de obra.

De la transcripción del juicio celebrado en el caso de autos surge que tanto el Ing. Toro Osuna como la señora Santana testificaron que el señor Méndez no sólo no terminó la obra en la fecha convenida, sino que la obra realizada adolece de defectos que la tornan en impropia para el uso que se le tenía destinado. ■ Esta prueba concuerda con las observaciones hechas por el propio juez sentenciador durante su inspección ocular. ■ Por otra parte, del propio testimonio del apelante surge que para la fecha en que se venció la extensión del contrato original, él no había terminado de sacar el cemento que había en las ventanas; no había instalado las puertas de los *"closets"* ni las había pintado; tampoco había retocado la pintura de las puertas de los cuartos ni

del resto de la casa. ■ Además, del testimonio de la señora Santana, de su perito y del señor Rosario surge que las lozas de gran parte del piso y los azulejos del baño estaban mal instalados, y que algunos zócalos estaban despegados y que había que reinstalarlos. ■ El propio perito del demandante declaró que los zócalos estaban mal instalados y que habían algunos despegados que tenían que ser reinstalados. ■ Asimismo, la señora Santana, su perito y el señor Rosario testificaron que la mezcla para pegar las lozas del piso y del baño fue mezclada con cemento, y que con el tiempo, esto podía provocar que las lozas se despegaran o agrietaran. ■ De la transcripción de la prueba no surge que esta evidencia fuese controvertida por la parte apelante. ■

A la luz de estos testimonios es forzoso concluir que el tribunal apelado tuvo fundamento en la prueba al determinar que el apelante incumplió con sus obligaciones contractuales y que la obra adolece de defectos de construcción que requieren reparación. El Tribunal Supremo de Puerto Rico ha sido enfático al establecer que la apreciación de la prueba hecha por el foro de primera instancia merece la mayor deferencia de parte del tribunal apelativo. En ausencia de error manifiesto o señalamiento de pasión, prejuicio o parcialidad, un apelante que pretenda que un tribunal apelativo intervenga con la apreciación de la prueba, tiene que demostrar la existencia de una razón que justifique tal intervención. *Sepúlveda Rivas v. Departamento de Salud,* Op. de 20 de mayo de 1998, **98 J.T.S. 59**, pág. 949; *Monllor Arzola v. Sociedad de Gananciales,* Op. de 13 de junio de 1995, **95 J.T.S. 77**, pág. 963; *Rodríguez Oyola v. Machado,* Op. de 3 de junio de 1994, **94 J.T.S. 82**, pág. 12008; y *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721, 728 (1984).

Por otra parte, como ocurre en la mayoría de las controversias sobre obras de construcción, la correcta adjudicación de este tipo de controversia depende, en gran medida, de la apreciación y peso que le brinde el foro judicial al testimonio pericial que se le presente.

En el caso de autos, el tribunal apelado aquilató el testimonio de los peritos de una y otra parte, y ante el conflicto entre las opiniones, el juez sentenciador optó por realizar una inspección ocular. En su función evaluadora de la prueba, aquilató la prueba testifical a base de la credibilidad y confiabilidad que le merecieron los peritos, y dirimió el conflicto entre sus opiniones, impartiéndole mayor peso, calidad y crédito al testimonio del perito de la parte demandante. A pesar de que este Tribunal está en igual condición que el juzgador de los hechos en la apreciación de la prueba pericial y puede adoptar su propio criterio al respecto, concurrimos con la evaluación del testimonio pericial hecha por el tribunal apelado. *Sepúlveda Rivas v. Departamento de Salud,* Op. de 20 de mayo de 1998, **98 J.T.S. 59,** pág. 949; *Monllor Arzola v. Sociedad de Gananciales,* Op. de 13 de junio de 1995, **95 J.T.S. 77**, pág. 963; *Rodríguez Oyola v. Machado,* Op. de 3 de junio de 1994, **94 J.T.S. 82,** pág. 12008; y *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721, 728 (1984). Las determinaciones del tribunal apelado relacionadas con el testimonio del perito de la parte demandante están sostenidas por evidencia sustancial que surge no sólo de la prueba documental y testifical presentada por ambas partes, sino también de la propia inspección ocular que hizo el tribunal apelado.

Contrario a lo que plantea el apelante, un contratista carece de acción para reclamar en juicio el pago íntegro del precio cuando no ha cumplido con su obligación de entregar la obra bien construida y en la fecha convenida. Hacer bien una obra es llevarla a cabo conforme a las reglas que rigen la construcción, y en la forma y condiciones convenidas, de manera que sea apta para producir las finalidades naturales al objeto de que se trate. Albaladejo, M., *ob. cit.,* pág. 232.

El señor Méndez no sólo no cumplió con completar la obra en la fecha acordada, sino que, además, la parte de la obra que completó, adolecía de defectos que impidieron que la señora Santana la utilizase como residencia. Surge de los hechos específicos de este caso que las partes extendieron la fecha de vencimiento del contrato con el propósito de que la obra fuese completada y se corrigiesen ciertos defectos de construcción. La parte apelante no entregó la obra completada en el tiempo convenido, ni corrigió los defectos que expresamente se obligó a

corregir al extenderse la vigencia del contrato. ■ Dado el claro incumplimiento del apelante con los términos del contrato, la parte apelada tenía derecho a suspender el pago del precio acordado y levantar como defensa el incumplimiento del apelante de su obligación de entregar la obra completada en la forma y fecha convenidas.

Asimismo, contrario a lo planteado por el apelante, la indemnización concedida por el tribunal apelado está basada en el costo de corregir los defectos de la obra de construcción que surge de la prueba presentada. Del informe del Ing. Toro Osuna surge que para reparar los defectos del piso de la segunda planta y de los baños sería necesario despegar y reinstalar tanto las lozas del segundo piso como los zócalos, y los enchapes de los tres baños, con un costo de materiales y mano de obra de $11,300. La transcripción de la prueba refleja que el apelante no intentó impugnar, ni controvertir en forma alguna el informe del perito Toro Osuna en cuanto a este particular.

Por último, el apelante plantea que el tribunal apelado abusó de su discreción al imponerle honorarios de abogado por temeridad, a pesar de que no surge de la sentencia fundamentos para tal determinación.

La Regla 44.1(d) de las de Procedimiento Civil, según enmendada, establece que en caso de que cualquier parte haya procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponde a tal conducta. La conducta temeraria que amerita la imposición de honorarios de abogado es aquella que promueve un pleito que pudo evitarse; aquella que lo prolongue innecesariamente; o que produzca la necesidad de que la parte adversaria incurra en gestiones que se pudieron evitar. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 D.P.R. 351, 355 (1989); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339, 349-350 (1989). Mediante el mecanismo provisto en la Regla 44.1 los tribunales protegen a los litigantes honestos de imposiciones, dilaciones y gastos innecesarios. *Miranda v. E.L.A.,* Op. de 7 de diciembre de 1994, **94 J.T.S. 152**, pág. 528.

El Tribunal Supremo de Puerto Rico ha reiterado que la determinación sobre temeridad descansa en la discreción del Tribunal de Primera Instancia, y que la partida de honorarios concedida no debe variarse en apelación, a menos que la misma sea excesiva, exigua o constituya un abuso de discreción. *Quiñones López v. Manzano,* Op. de 25 de junio de 1996, **96 J.T.S. 95,** pág. 1316; *Bonilla Medina v. P.N.P,* Op. de 13 de marzo de 1996, **96 J.T.S. 33**, pág. 791; *Miranda v. E.L.A.,* Op. de 7 de diciembre de 1994, **94 J.T.S. 152**, pág. 528; *Ramírez v. Club Cala de Palmas,* 123 D.P.R. 339, 349-350. En el caso del título, el apelante no ha demostrado que exista alguna de las circunstancias antes mencionadas, por lo que no habremos de variar la partida impuesta en tal concepto por el tribunal recurrido.

## III
Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 136

1. Transcripción de la Prueba, págs. 7, 8, 26 y 28. Véase, además, informe del Ing. Toro Osuna, Recurso de Apelación, Anejo 13.

2. Determinación de hecho #21 de la sentencia, Recurso de Apelación, Anejo 1.

**3.** Véase Transcripción de la Prueba, pág. 59.

**4.** Transcripción de la Prueba, págs. 8-9, 22, 24, 26-27.

**5.** Transcripción de la Prueba, pág. 39.

**6.** Transcripción de la Prueba, págs. 8, 27, 32 y 41. Véase, además, Informe del Ing. Pablo Toro Osuna, perito de la parte demandante, Anejo 13 del Recurso de Apelación, pág. 2.

**7.** Transcripción de la Prueba, pág. 41.

**8.** Contrario a lo que plantea la parte apelante, no puede atribuirsele a la señora Santana el que el apelante no haya completado la obra de construcción en la fecha acordada. Del propio testimonio del apelante surge que para el 22 de agosto de 1995, fecha en que las partes acordaron extender el término del contrato, ya se habían completado las obras adicionales que la señora Santana le había requerido. Véase Transcripción de la Prueba, págs. 59 y 64.